FILED
NOV - 9 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Will Anderson, )
)
       Plaintiff, )
)
v. ) Civil Action No.   12 1822
)
)
Federal Bureau of Prisons *et al.*, )
)
       Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the complaint, pursuant to 28 U.S.C. § 1915A, and the plaintiff's application to proceed *in forma pauperis*. For the following reasons, the Court finds that this action is precluded under the doctrine of *res judicata* and, therefore, will dismiss the case under § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

The plaintiff is a prisoner at the Federal Correctional Institution in Butner, North Carolina, suing the Bureau of Prisons ("BOP") for allegedly maintaining inaccurate records. *See* Civil Complaint ("Compl.") at 2. Although the plaintiff invokes the Constitution and various federal statutes, *see id.* at 1, his remedy lies exclusively under the Privacy Act, 5 U.S.C. § 552a. *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (affirming district court's dismissal of constitutional claims "because . . . they are encompassed within the remedial scheme of the Privacy Act.") (citations omitted).

The plaintiff states that he "finalized all BOP exhaustion of his remedy process on February 2, 2009 . . . ." *Id.* at 1. And he acknowledges that "[i]n September, 2011, [he] filed a

Privacy Act Complaint pursuit [sic] to 'Newly Discovered Evidence' [that] BOP has failed to maintain his records while acted [sic] wrongful, willfully, intentional in a conspiratorial manner to destroy records as it pertain [sic] to Plaintiff's detainer hold lodged and lifted in May 1995." Compl. ¶ 10 (citing *Anderson v. BOP*, Cv. No. 1:11-cv-01522 (RCL-DAR) DCDC)). The instant complaint is predicated on these same accusations. *See* Compl. at 4-5.

In the earlier action filed in this Court, Magistrate Judge Deborah A. Robinson issued a Report and Recommendation ("R&R") on September 4, 2012, in which she found "solely upon consideration of Plaintiff's complaint and the attachments thereto, that the instant action is barred by the doctrine of *res judicata*." *Anderson v. Federal Bureau of Prisons*, Civ. Action No. 11-1522, R&R [Dkt. # 35] at 7. Magistrate Judge Robinson referred to, among other attachments, "the order of the court in the Eastern District of North Carolina dismissing the action in which the identical claims were brought . . . ." *Id.* She concluded that the "Plaintiff acknowledges that he has litigated the same claims and issues, against the same parties, and that those claims and issues have already been decided." *Id.* On September 27, 2012, Chief Judge Royce C. Lamberth adopted the R&R, stating that "Magistrate Judge Robinson properly applied the doctrine of res judicata to dismiss this action[,]" and he dismissed the case with prejudice. *Id.*, Order [Dkt. # 38].

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.*

*Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010). "While it is true that *res judicata* is an affirmative defense, courts may dismiss *sua sponte* when they are on notice that a claim has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.' " *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) (*quoting Arizona v. California*, 530 U.S. 392, 412 (2000)). Since the plaintiff is foreclosed from litigating his Privacy Act claim in yet another civil action, this case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[1]

/s/ Reggie B. Walton
United States District Judge

Date: October 28, 2012

---

[1] A separate Order accompanies this Memorandum Opinion.